# LEASON ELLIS

81 Main Street, Suite 503
White Plains, New York 10601
T: 914.821.9077
F: 914.288.0023

Paul Fields
Of Counsel
Fields@LeasonEllis.com

April 29, 2011

Reference No.: 3511/6201-000

**VIA FEDEX & ECF**

Hon Frederic Block
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Vaad L'Hafotzas Sichos, Inc. v. Kehot Publication Society, et al,
Civil Action No. 10-CV-4976 (FB)(JO)

Dear Judge Block:

We represent the plaintiff and the counterclaim defendants Vaad L'Hafotzas Sichos, Inc. ("VHSI") and Zalman Chanin ("Chanin") (collectively, the "Movants") in connection with the above matter. We write to request a Pre-Motion Conference pursuant to your rules to permit the Movants to file an Amended Answer to introduce additional affirmative defenses in the above action. In accordance with the Scheduling Order in this action, April 29, 2011 is the last day for filing the Motion to Amend Pleadings in this matter. Accordingly, in an overabundance of caution (so that the Movants will not be considered to have exceeded the time period in connection with this matter), the Movants are also formally serving a Notice of Motion and Motion on defendant Kehot Publication Society (hereinafter "Kehot").

This action was commenced to seek judicial review of a decision in Opposition Proceeding No. 91156051 before the Trademark Trial & Appeal Board ("TTAB") of the U.S. Patent & Trademark Office ("PTO").

On January 14, 2011, Kehot counterclaimed against the Movants for various violations of the Lanham Act as well as New York State and Common Law. Answers were filed by VHSI on February 4 and by Chanin on February 22, 2011.

Kehot's counterclaims seek injunctive and monetary relief for conduct that has been open, notorious, continuous and well-known to Kehot since July 13, 1995. This is specifically admitted at paragraph 85 in the Answer and Counterclaim filed by Kehot. VHSI and Mr. Chanin seek to amend the Answer to include the Affirmative Defenses of latches, acquiescence, waiver and estoppel.

The legal standard for leave to amend is that it should be freely given when justice so requires. The factors considered in denying such a motion are undue delay, bad faith, futility of the Amendment, and the resulting prejudice to opposing party. *The Aetna Cas. & Sur. Co., Inc.,* 404 F.3d 566, 604-05 (2d Cir. 2005). None of those factors are present here.

{3511\6201-000\00120392.1}

LEASON ELLIS

Hon. Frederic Block
April 29, 2011
Page 2

By Kehot's own admission, it was aware of the alleged infringement as far back as 1995 and took no action. Accordingly, it is submitted that the allegations fall full square within the dictates of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct 1955 (2007) "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaints and allegations are true.

Under the circumstances, Kehot cannot possibly deny knowledge of the Movants use of the KEHOT logo mark over the last 15 some odd years.

There has been no delay in bringing this motion nor will Defendant be prejudiced. Discovery is in the infancy stage and the parties are still exchanging documents. No depositions have been scheduled as yet. Discovery closes September 1, 2011. This Pre-Motion Conference is being requested within the time period set for filing a Motion to amend the pleadings. Accordingly, it is submitted that the Motion is timely.

Respectfully submitted,

Paul Fields

PF/to

cc: J. Christopher Jensen (via email and mail)

{3511\6201-000\00120392.1}