

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**J. Christopher Jensen**
(212) 790-9204
jcj@cll.com

September 8, 2011

**VIA ECF**

Hon. James S. Orenstein
United States Magistrate Judge
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Vaad L'Hafotzas Sichos, Inc. v. Kehot Publication Society, a
               division of Merkos L'Inyonei Chinuch, Inc.,
               <u>Civil Action No. 10- CV-4976 (FB)(JO)</u>

Dear Judge Orenstein:

      We represent the defendant and counterclaim-plaintiff Merkos L'Inyonei Chinuch, Inc. ("Merkos") in the above action. Plaintiff Vaad L'Hafotzas Sichos, Inc. ("Vaad") filed this action to appeal from a decision of the U.S. Trademark Trial and Appeal Board that dismissed Vaad's opposition to Merkos's registration of a "Kehot logo" as a trademark. Merkos has counterclaimed in this action that Vaad's continuing publication and sale of books and pamphlets bearing this Kehot logo is a trademark infringement and unfair competition. Merkos seeks an injunction, recovery of the wrongful profits earned by Vaad and destruction of any remaining inventory of the infringing articles as provided in Section 35 and 36 of the Lanham Act, 15 U.S.C. §1117-1118.

      We are writing pursuant to Local Civil Rule 37.3 to seek a ruling on a discovery dispute that arose during the recent Rule 30(b)(6) deposition of the plaintiff and on a related dispute concerning redactions made by Vaad in documents produced in discovery. With the exception of this dispute, all pretrial fact discovery in this action has been completed and the deadline for such discovery expired on September 1, 2011.

      Merkos sought document production from Vaad as to its infringing sales of books and the profits earned on such sales. The parties agreed to engage in document discovery on an informal basis. I am enclosing a copy of my email to Vaad's counsel on March 16, 2011 which sets forth our document requests to Vaad. In response to this request, Vaad initially provided us with a schedule of its sales and profits but without any underlying documentation to support this schedule. I wrote again to Vaad's counsel on August 11, 2011 requesting the underlying documents including copies of purchase orders, invoices, shipping documents, checks and other

**Cowan, Liebowitz & Latman, P.C.**
Hon. James S. Orenstein
September 8, 2011
Page 2

documents that would be sufficient to show the sales of the infringing works and the profits earned from such sales. We are enclosing copies of our correspondence with Vaad's counsel in this matter.

In response to this request, Vaad has produced a scant number of documents (21 pages in total) referring to the costs incurred by Vaad in connection with the printing of some of the infringing works in 2010 and 2011. Vaad has given us no documents to show the sales of these works to its distributors or to consumers. A copy of the emails from Vaad's counsel on August 10 and 17, 2011 forwarding these documents is enclosed.

Vaad also redacted from these documents any information that would identify the name or address of its printers, or other suppliers and has claimed not to have any documents relating to its sale of the infringing books. Even though Vaad has improperly designated all of its documents attorneys-eyes only pursuant to the protective order in this action, Vaad claimed that it would not disclose the redacted information "in view of the contentious relationship between the parties".

We wrote again to Vaad's counsel on August 19, 2011 objecting to these redactions and requesting that further, unredacted documents be produced. We had also served Vaad with a Notice of Deposition pursuant to Rule 30(b)(6) on designated topics concerning the sale of the infringing works and the profit and loss documents that had been produced by Vaad. A copy of the Rule 30(b)(6) Deposition Notice is enclosed. Because of weather related travel difficulties, Vaad's counsel requested that this deposition be postponed until yesterday, September 7th.

During the course of the deposition, Vaad's designated witness, Amos Cohen, refused to answer any questions regarding the identity of Vaad's suppliers or vendors on the instruction of counsel. Mr. Cohen similarly refused to provide us with any information regarding the location of the local warehouse containing Vaad's unsold inventory of the infringing books.

Finally, Mr. Cohen made the incredible claim during his testimony that Vaad conducted the purchase and sale of its books (consisting of at least $500,000 in such purchases and sales in the past 18 months alone) without writing a single check or depositing a single check. Based upon this claim, Mr. Cohen refused to provide us with any information that would clearly identify the bank accounts that Vaad uses in connection with its business activities. He would only say that Vaad may have an account at the Bank of America but claimed not to have any more knowledge even though the designated topics for the deposition included the amounts paid by Vaad for producing the books and the amounts received by Vaad from the sale of the books.

We are writing to request that the Court order Vaad to:

1. Provide us with unredacted copies of the documents produced in discovery

2. Identify the names and addresses of all suppliers, printers or other vendors used by Vaad to produce the books bearing the Kehot logo.

**Cowan, Liebowitz & Latman, P.C.**
Hon. James S. Orenstein
September 8, 2011
Page 3

> 3. Identify the names and addresses of all distributors or other customers in the United States to whom it has sold books bearing the Kehot logo.
>
> 4. Identify the name and address of any warehouse in the United States that contains any unsold inventory of books bearing the Kehot logo.
>
> 5. Identify any bank accounts by bank and account number that Vaad maintains or uses in connection with its activities.

We make this request so that we will be able to issue trial subpoenas to these entities to obtain documents or testimony that will show the amount of books printed and sold by Vaad, the monies expended in connection with such books, the revenues earned from these sales and the extent of any inventory of unsold books.

Because the documents referenced in this letter have been designated confidential pursuant to the Court's order, we shall file a redacted copy of the exhibits and this letter by ECF. We are sending an unredacted copy to the Court by first class mail.

Respectfully submitted,

J. Christopher Jensen

cc: Paul Fields, Esq. (Via ECF) and E-mail

1264669v.1 24579/007