UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
VAAD L'HAFOTZAS SICHOS, INC.,

    Plaintiff/Counterclaim Defendant,

-against-

KEHOT PUBLICATION SOCIETY, a
division of MERKOS L'INYONEI
CHINUCH, INC.

    Defendant/Counterclaim
    Plaintiff/Third-Party Plaintiff,

-against-

ZALMAN CHANIN,

    Third-Party Defendant.
--------------------------------------------------------x

**AMENDED MEMORANDUM AND ORDER**
Case No. 10-CV-4976 (FB) (JO)

*Appearances*:
*For Vaad L'Hafotzas Sichos, Inc. and Zalman Chanin*:
MITCHELL C. SHAPIRO, ESQ.
ELIE BRANDON GOLD, ESQ.
30 Broad Street, 14th Floor
New York, New York 10004

*For Kehot Publication Society:*
J. CHRISTOPHER JENSEN, ESQ.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799

**BLOCK, Senior District Judge:**

        In a prior memorandum and order, the Court (1) affirmed the United States Patent and Trademark Office's registration of a trademark claimed by Merkos L'Inyonei Chinuch, Inc. ("Merkos") over the objection of Vaad L'Hafotzas Sichos, Inc. ("Vaad"), and (2) denied Vaad's motion for summary judgment on Merkos's counterclaims for

infringement. *See Vaad L'Hafotzas Sichos, Inc. v. Kehot Publ'n Soc'y*, 935 F. Supp. 2d 595 (E.D.N.Y. 2013). Vaad has asked the Court to certify its prior memorandum and order as a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b), and to stay further proceeding pending an appeal of that judgment.

Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In making that determination, the court "must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011). Because the policy is so well-rooted in our judicial system, the power to depart from it must be "exercised sparingly." *Id.* (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).

Consideration of the policy against piecemeal appeals requires, in essence, an inquiry into "the interest of sound judicial administration." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). It is appropriate, therefore, "to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. "It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case[.]" *Harriscom*, 947 F.2d at 631.

Vaad's Rule 54(b) request starts from the premise that the Court has conclusively determined that Merkos owns a valid trademark and is entitled to the exclusive use of it. But that is incorrect. Registration of the trademark, which the Court upheld, entitles Merkos to an *evidentiary presumption* of validity, ownership and exclusive use. *See* 15 U.S.C. § 1115 ("Any registration . . . shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce[.]"). Vaad remains free to contest those issues in connection with the infringement counterclaims. *See id.* ("[Registration] shall not preclude another person from proving any legal or equitable defense or defect. . . which might have been asserted if such mark had not been registered."). In its amended answer to the counterclaims, Vaad expressly "denies that Merkos has any right to use [the trademark]," Am. Answer to Countercl. ¶ 8, and claims, among other affirmative defenses, that the mark is a "certification mark." *Id.* ¶ 40. Thus, the mark's validity as a trademark and Merkos's right to use it—issues addressed in connection with Vaad's challenge to registration—are also issues to be adjudicated in respect to the counterclaims. Even if there were no common issues, a Rule 54(b) certification would require two separate panels of the Second Circuit to familiarize themselves with the rather tortured history of the parties' dispute.

In sum, "sound judicial administration," *Sears, Roebuck & Co.*, 351 U.S. at 437, counsels against certification. The Court must therefore consider whether the "equities between or among the parties," *Novick*, 642 F.3d at 310, tip the balance in the other direction. In that regard, Vaad relies on the inconvenience of potentially trying the counterclaims

3

twice. It argues that "if it is ultimately determined on appeal that Merkos' trademark registration of the Kehot Logo is invalid, then Merkos' counterclaims . . . would necessarily be rendered moot." Pl.'s Mem. of Law 8.

Once again, Vaad overstates the effect of registration. In fact, a determination by the circuit court that the registration should be cancelled would not moot the counterclaims; it would merely mean that Merkos could not rely on the evidentiary presumption of validity, ownership and exclusive use, and would have to present other evidence on those issues.

It is true that cancellation of the registration would require a retrial of the counterclaims to the extent Merkos relies on the registration to satisfy its burden of proof on the issues of ownership, validity and exclusive use.[1] Avoiding that risk, however, must be weighed against the delay attendant to a Rule 54(b) certification and immediate appeal. The counterclaims are trial-ready but for the final pretrial order (which Magistrate Judge Orenstein has held in abeyance pending disposition of Vaad's Rule 54(b) request). Moreover, because Merkos has withdrawn its demand for damages and now seeks only injunctive relief, the counterclaims will proceed as a bench trial. The Court is quite confident that it can try the counterclaims and render a final, appealable judgment in less time than it would take to pursue an immediate appeal to completion. In other words, prompt resolution of the counterclaims outweighs the inconvenience of a possible retrial.

---

[1] Though it is not obligated to do so, Merkos may wish to consider offering other evidence on those issues to avoid even the possibility of a retrial should the Second Circuit cancel the registration.

For the foregoing reasons, Vaad's request for certification under Rule 54(b) is denied. Its concomitant motion for a stay pending appeal is denied as moot.

**SO ORDERED.**

          <u>/S/ Frederic Block</u>
          FREDERIC BLOCK
          Senior United States District Judge

Brooklyn, New York
March 17, 2014