UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
VAAD L'HAFOTZAS SICHOS, INC.,

    Plaintiff/Counterclaim Defendant

    -against-                     **MEMORANDUM AND ORDER**
                                                10-CV-4976 (FB) (JO)
KEHOT PUBLICATION SOCIETY, a
division of MERKOS L'INYONEI
CHINUCH, INC.,

    Defendant/Counterclaim
    Plaintiff/Third-Party Plaintiff,

    -against-

ZALMAN CHANIN,

    Third-Party Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff/Counterclaim Defendant*   *For the Defendant/Counterclaim*
*and Third-Party Defendant:*                         *Plaintiff/Third-Party Plaintiff*
MITCHELL C. SHAPIRO                     J. CHRISTOPHER JENSEN
Carter Ledyard & Milburn LLP            Cowan, Liebowitz & Latman, P.C.
2 Wall Street                                       1133 Avenue of the Americas
New York, NY 10005                           New York, NY 10036

**BLOCK, Senior District Judge:**

    On January 14, 2016, following a four-day bench trial, the Court issued a memorandum and order in which it determined that Merkos L'Inyonei Chinuch's ("Merkos") trademark-infringment claim failed because Vaad L'Hafotzas Sichos's ("Vaad") use of the Kehot logo did not result in a likelihood of consumer confusion, and

even if it did, Merkos's claim was barred by the doctrine of laches. Merkos now moves the Court pursuant to Rule 52(b) to amend its factual findings and judgment.

To determine whether Merkos set out a valid infringment claim under the Lanham act, the Court applied the eight-factor balancing test set forth in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). With respect to the first factor—the strength of the mark—the Court found that the Kehot logo was fanciful and inventive, which means, absent third-party usage, the Kehot logo would be considered the strongest type of mark. *See Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 384 (2d Cir. 2005). But because "the logo has been and continues to be used by numerous entities other than Merkos in the production of books for sale in the Hasidic community," the Court determined that the logo "does not provide strong source identification for Merkos," and that this factor does not weigh in Merkos's favor. *Vaad L'Hafotzas Sichos, Inc. v. Kehot Publ'n Soc'y*, –F. Supp. 3d–, 2016 WL 183226, at *4 (Jan. 14, 2016 E.D.N.Y.). Merkos argues in its motion for reconsideration that the evidence in the record relating to third-party use was not sufficient to "sap the strength of an otherwise robust mark." Merkos Motion at 14 (citing *Lexington Mgmt. Corp. v. Lexington Capital Partners*, 10 F. Supp. 2d 271, 281 (S.D.N.Y. 1998)).

The Court relied on the title pages of books bearing the Kehot logo by entities others than Merkos and the testimony of Yaakov Chazan identifying other organizations that

2

publish under the Kehot logo to find that third-party usage was prominent and weakened the strength of the Kehot. However, upon reconsideration, this evidence, although credible, falls short of what is required to weaken a strong mark.

"The purpose of a defendant introducing third party uses is to show that customers have become so conditioned by a plethora of such similar marks that customers have been educated to distinguish between different such marks on the basis of minute distinctions." 2 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 11:88 (2016). In *Scarves by Vera, Inc. v. Todo Imports Ltd.*, the Second Circuit rejected an infringer's claim that a mark was used by third parties because it "introduced no evidence that these trademarks were actually used by third parties, that they were well promoted or that they were recognized by consumers." 544 F.2d 1167, 1173 (2d Cir. 1976).

Here, while there is certainly evidence that third parties have used the Kehot logo on publications for the Hasidic community, the record is devoid of evidence of how those publications were marketed or recognized by consumers. *See Sunenblick v. Harrell*, 895 F. Supp. 616, 627 (S.D.N.Y. 1995) (citing *Scarves by Vera* for the proposition that "third-party trademarks [are] signficant not by virtue of their mere existence but upon proof of their usage and customer awareness of such marks"). Merkos points out that the books in evidence that demonstrate third-party use were published by organizations that are legally related to it based on the fact that the Previous Rebbe, the Rebbe, and their secretaries

3

served as officers of the third parties as well as of Merkos. But it is not necessary for the Court to decide whether these organizations were "related" to Merkos under the Lanham Act, because the record does not demonstrate whether consumers recognized publications from organizations run by the Rebbe and his secretariat—but not from Merkos—as being derived from a different source. Moreover, the onus is on the alleged infringer to introduce competent evidence of third-party use to weaken a mark. *See Scarves by Vera*, 544 F.2d at 1173; *Lexington Mgmt. Corp.*, 10 F. Supp. 2d at 281. The Court now finds that there is insufficient evidence of third-party use in the record to weaken the strength of the Kehot logo, and this factor weighs in favor of finding a likelihood of confusion.

When the Court first balanced the *Polaroid* factors, three factors weighed in favor of finding a likelihood of confusion (similarity of the marks, proximity and competitiveness of the products, and respective quality of the products), three factors weighed against (strength of the mark, lack of evidence of actual confusion, and bad faith), and two factors (bridging the gap and consumer sophistication) were inapplicable or not worthy of much, if any, weight. *Vaad*, 2016 WL 183226, at *6. Because the Court's assessment of the strength of the Kehot logo is now in Merkos's favor, Vaad is left with the facts that Merkos did not produce much evidence of actual consumer confusion and it acted in good faith. These are outweighed by Merkos's strong mark, and the fact that Vaad uses the identical mark on virtually identical products in the same market. Accordingly, Merkos proved its claim for trademark infringement.

4

Nevertheless, the Court's ultimate judgment remains unchanged because—as the Court found in its memorandum and order—Merkos's claim is barred by Vaad's affirmative defense of laches. Merkos argues that the Court should—now that it has found a likelihood of confusion—go on to find "inevitable confusion," which would allow the Court to exercise its equitable discretion to disregard Vaad's laches defense. *See Profitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 68 (2d Cir. 2002) ("Even where laches and acquiescence would bar damages, . . . a court may nonetheless grant injunctive relief if it determines that the likelihood of confusion is so great that it outweighs the effect of plaintiff's delay in bringing suit.").

The present circumstances do not call for a finding of "inevitable confusion." For one, despite Vaad's unauthorized use of the Kehot logo since the mid-1990s, Merkos did not produce sufficient evidence of actual consumer confusion. *Vaad*, 2016 WL 183226, at *4-5. Moreover, Rabbi Krinsky acknowledged that there "'are many savvy enough' in the [Hasidic] community to recognize the difference between a Vaad and Merkos publication." *Id.* at *6. Accordingly, consumer confusion is not "inevitable," and Vaad's affirmative defense of laches prevents the Court from imposing injunctive relief.

For the foregoing reasons, Merkos's motion to amend the Court's factual findings and judgment is granted insofar as the Court now finds that the Kehot logo is a strong mark, and there is insufficient evidence of third-party use to weaken it. With this new factual finding, the Court's balance of the *Polaroid* factors is amended to reflect there is a

5

likelihood of confusion.  However, the motion is denied with respect to amending the judgment, because Merkos's claim remains barred by the doctrine of laches.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 25, 2016